OPINION OF THE COURT
John A. Monteleone, J.
On July 10,1981 pursuant to a stipulation on the record the plaintiffs’ actions were settled for the sum of $550,000 and the third-party action was severed.
Subsequently the following motions have been made by the third-party defendant:
1. A motion by the third-party defendant Syska & Hennessy, Inc., for summary judgment dismissing the third-party complaint and all cross claims against it contending that there are no triable issues of fact.
2. A motion by the third-party defendant Syska & Hennessy, Inc., for partial summary judgment dismissing the third-party complaint and all cross claims against it based on contribution.
3. A motion by the third-party defendant Utilex Demolition, Inc., for summary judgment dismissing the third-party complaint and all cross claims against it based on contribution.
*195 4. A motion by the third-party defendant Wolf & Munier, Inc., dismissing the third-party complaint and all cross claims against it based on contribution and for summary judgment on the ground that there is no triable issue of fact relating to contractual indemnification. That portion of the motion which sought to strike the third-party’s complaint pursuant to CPLR 3126 for willful failure to disclose has been withdrawn and requires no adjudication.
On the issue of contribution it is the contention of the third-party defendants that section 15-108 of the General Obligations Law bars any recovery. Subdivision (c) of section 15-108 of the General Obligations Law provides: “Waiver of contribution. A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.”
The third-party plaintiff New York Hospital contends that pursuant to the stipulation it retained its rights to contribution.
The movants rely upon Lettiere v Martin Elevator Co. (62 AD2d 810, affd 48 NY2d 662). The distinguishing feature in this case is that all of the third-party defendants were active participants in the stipulation of settlement and consented to its terms. Portions of the stipulation read as follows: “All counsel present consent to the settlement and the reasonableness of the settlement and will not contest the reasonableness of the settlement * * * An application will be made to sever the third party action so that New York Hospital may try its case for either indemnification or apportionment as against each of the named third party defendants * * * the case will remain on the calendar of this court for trial on the third party action. It is specifically agreed and understood by all of the third party defendants that no one waives any rights to contributions or indemnification by entering into this settlement * * * All cross claims and counterclaims of any kind or nature in connection with that third party claim which has been severed remain in effect”.
It was clearly the intention of all tort-feasors to settle the plaintiffs’ actions as indicated and, to that extent, all the tort-feasors limited ultimate recovery and specifically agreed to litigate the issues of contribution or indemnifica *196 tian amongst themselves. Under these circumstances the court finds that the waiver prohibition under subdivision (c) of section 15-108 of the General Obligations Law is not applicable.
With respect to indemnification the court finds that there are issues of fact requiring a plenary trial and that summary judgment is not warranted and, accordingly, is denied.